## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    No. CV 12-1113 LH/ACT
                                                                      CR 11-0882 LH

LARRY PAM,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Pro Se Motion for Relief From Judgment or Order for Remand for Resentencing (CV Doc. 1; CR Doc. 41) filed on October 26, 2012. The motion asserts claims that Defendant's sentence violates his constitutional right to a jury and resulted from ineffective assistance of counsel.

The relief that Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws." § 2255. The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claims as arising under the general jurisdictional statutes is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

In the circumstance where a Defendant has not previously filed a § 2255 motion,

[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the

relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)); *and see United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (noting that restrictions apply when a § 2255 motion has not been filed). The Court finds that Defendant's motion should be considered as a § 2255 motion, notwithstanding its current designation, because of the nature of the relief sought. In light of the rulings in *Kelly* and *Davis*, the Court notes that **(1) if Defendant withdraws his motion, the applicable one-year limitations period may bar him from later filing a § 2255 motion; and (2) if Defendant proceeds under § 2255, he may be prohibited from subsequently filing a second such motion.** If Defendant does not respond to this Order, the Court may dismiss the motion as not presenting cognizable claims or may treat the motion as if it were brought under 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that Defendant is hereby NOTIFIED that, within twenty-one (21) days from entry of this Order, he may (1) withdraw his current motion, (2) notify the Court in writing that he agrees to have the motion recharacterized and adjudicated as a motion under 28 U.S.C. § 2255, or (3) file a § 2255 motion presenting all of his claims against his conviction and sentence; and the Clerk is directed to send Defendant a form § 2255 motion with instructions.

_____
UNITED STATES MAGISTRATE JUDGE