**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     No. CV 12-1113 LH/ACT
                                            CR 11-0882 LH

LARRY PAM,

        Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Pro-Se Motion for Relief From Judgment or Order for Remand for Resentencing (CV Doc. 1; CR Doc. 41) filed on October 26, 2012.  In his response (CV Doc. 5; CR Doc. 43) to a recent order, Defendant states that he agrees to have his motion recharacterized and adjudicated as a motion under 28 U.S.C. § 2255.  The Court thus construes the motion as if it were brought under § 2255.  *See United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000); 28 U.S.C. § 2255 R. 4(b), 11(a).

Defendant entered a plea agreement (CR Doc. 30), in which he admitted to the offense charged under 18 U.S.C. § 922(g)(1) and to three prior convictions for "felony crimes punishable by imprisonment for more than one year."  One of Defendant's prior convictions was for aggravated assault in New Mexico state court.  In the agreement, Defendant stated he understood that fifteen years is the minimum sentence for an armed career criminal.  *See* 18 U.S.C. § 924(e).  The agreement was made under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and specified a sentence of fifteen years or 180 months.  The Court sentenced Defendant to a prison term of 180 months.  He now asserts that his aggravated assault conviction should not have been used as

a basis for the enhancement.

Defendant makes a two-part argument that his sentence was illegally enhanced.  First, he contends the sentence was based on facts that had not been found by a jury.  Defendant alleges that he was not afforded a full opportunity at sentencing to challenge the Court's use of one of the aggravated assault in enhancing his sentence.  He also alleges that his attorney failed to object to the prosecution's assertion of prior violent felony convictions and to the Court's use of that evidence in enhancing the sentence.  Second, perhaps implicitly based on an attachment to his motion, he argues that his aggravated assault conviction was not a violent felony.  As a result, Defendant asserts, he was denied effective assistance of counsel and his sentence violates his constitutional right to a jury trial.[1]

Defendant's first argument is based on the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In *Apprendi*, the Court held that, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Id.* at 490.  The Court also restated the corollary rule that a fact admitted by a defendant may support an enhancement.  *See id.* at 488 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *Jones v. United States*, 526 U.S. 227 (1999)).  The Court later made the admission rule part of its central holding in *United States v. Booker*, 543 U.S. 220 (2005): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Id.* at 244.  Here,

---

[1] In the plea agreement, Defendant "waive[d] any collateral attack . . . except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver."  The Court liberally construes Defendant's allegations as asserting a claim of ineffective assistance in negotiating or entering the plea or this waiver and thus declines to enforce the waiver of collateral attack.

2

because the fact at issue is a prior conviction and was admitted by Defendant, the *Apprendi* decision provides him no relief.

Second, Defendant's aggravated assault conviction was a proper basis for the armed career criminal enhancement of his sentence.  As noted in the plea agreement, fifteen years is the minimum sentence under the Armed Career Criminal Act for a Defendant who is convicted of violating § 922(g)(1) and has three previous convictions for violent felonies.  *See* § 924(e)(1).  For purposes of Defendant's motion, a violent felony is a "crime punishable by imprisonment for a term exceeding one year. . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."  § 924(e)(2)(B)(i).  Under established law in this Circuit, Defendant's state court conviction for aggravated assault was a violent felony.  *See United States v. Silva*, 608 F.3d 663, 670 (10th Cir. 2010); *United States v. Hammons*, No. CR 07-1164 JB, 2010 WL 4321693, at *21 (D.N.M. Oct. 6, 2010).  Because Defendant had three prior violent felony convictions when he was convicted under 18 U.S.C. § 922(g)--and admitted the convictions--there was no error, under *Apprendi* or otherwise, in his sentence.

No relief is available on Defendant's claim of ineffective assistance of counsel.  As noted above, Defendant alleges that counsel failed to object to the prosecution's assertion of prior violent felony convictions and to the Court's use of that evidence in enhancing his sentence.  Because there was no error in the calculation of Defendant's sentence based on prior violent felony convictions, Defendant was not prejudiced by the lack of objection and thus was not denied effective assistance. "As there was no error in the imposition of the sentence . . . , [Defendant] has made no showing of prejudice due to the alleged ineffective assistance of his counsel."  *United States v. Tackles*, 62 F. App'x 900, 902 (10th Cir. 2003); *and see Tillis v. Ward*, 65 F. App'x 254, 255 (10th Cir. 2003)

3

(denying certificate of appealability for dismissal of ineffectiveness claim in absence of showing of prejudice).  The Court will dismiss Defendant's § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right.  The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Pro-Se Motion for Relief From Judgment or Order for Remand for Resentencing (CV Doc. 1; CR Doc. 41), construed as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE